In the Matter of ALVIN I. PEARLMAN (Admitted as ALVIN IRA PEARLMAN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 4, 1988

**APPEARANCES OF COUNSEL**

*Robert Straus (Mark F. DeWan* of counsel), for petitioner.

*Jerome Karp* for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice as an attorney by this court on April 4, 1962, under the name Alvin Ira Pearlman. In this proceeding the Special Referee sustained seven charges of professional misconduct against the respondent. The petitioner moves to confirm the report of the Special Referee, and the respondent cross-moves to disaffirm the report.

The Special Referee found that the respondent was given $8,150 to hold in escrow pending a real estate closing and converted substantially all of these funds to his own use; improperly commingled escrow funds with personal and business moneys; failed to maintain records of special accounts or accounts containing assets belonging to clients as required by the rules of this court; gave false and misleading responses to inquiries made pursuant to the legitimate investigation of the petitioner Grievance Committee; neglected a legal matter, in that, after he was retained to prosecute a divorce action, he failed to institute the action; and failed to communicate with a client by neglecting to return her telephone calls or to inform the client of his change of address and telephone number.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the Special Referee's report is granted, and the respondent's cross motion is denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the significant mitigating circumstances set forth by the respondent at the hearing of this matter, including the personal problems confronting the respondent and his family at the time of the misconduct, the fact that the respondent always had sufficient liquid assets to cover any amount that should have been in his escrow account, as well as the fact that no one suffered financially as a result of the respondent's conduct. Accordingly, the respondent should be, and hereby is, suspended from the practice of law for a period of five years commencing May 1, 1988, and until the further order of the court.

MOLLEN, P. J., MANGANO, LAWRENCE, RUBIN and SPATT, JJ., concur.